**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30210 |
| Plaintiff-Appellees, | D.C. No. 1:15-cr-0015-SPW |
| v. | |
| WILLIAM MAURICE SMITH, | MEMORANDUM[*] |
| Defendant-Appellant | |

On Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted July 9, 2018
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and MÁRQUEZ,[**] District Judge.

William Maurice Smith appeals his convictions under 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 924(c)(1)(A), and his sentence, which was enhanced pursuant to 21 U.S.C. § 851. We have jurisdiction under 28 U.S.C. § 1291. As the parties are familiar with the facts, we do not recount them here.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

We affirm.

1. The requirements of Federal Rule of Criminal Procedure 41 did not apply to the motel room search because the search was not "federal in character." *United States v. Crawford*, 657 F.2d 1041, 1046 (9th Cir. 1981). Additionally, the district court's determination that the evidence mislabeling was merely a mistake was not clearly erroneous. *United States v. Freitas*, 800 F.2d 1451, 1454 (9th Cir. 1986). The district court properly denied Smith's motion to suppress evidence seized in his motel room based upon police mislabeling.

2. The state trooper had probable cause to arrest Smith before he conducted the search that revealed contraband in Smith's waistband. *United States v. Morgan*, 799 F.2d 467, 469 (9th Cir. 1986). The search was a lawful search incident to arrest. *United States v. Smith*, 389 F.3d 944, 951 (9th Cir. 2004) (per curiam). The district court correctly denied Smith's motion to suppress the evidence seized from his waistband.

3. We held, *supra*, that the evidence Smith challenges was lawfully obtained, thus no evidence needs to be excised when determining whether the warrants to search Smith's motel room and car were supported by probable cause. *United States v. Giordano*, 416 U.S. 505, 555 (1974). Smith does not challenge the warrants as they stand. The district court correctly concluded that the warrants to search Smith's motel room and car were supported by probable cause.

4. The jury was not required to unanimously agree as to which of the three firearms listed in the indictment was used in furtherance of a drug trafficking crime. *See United States v. Ruiz*, 710 F.3d 1077, 1081 (9th Cir. 2013). Accordingly, the district court did not plainly err by not giving sua sponte a specific unanimity jury instruction for 18 U.S.C. § 924(c). *United States v. Payseno*, 782 F.2d 832, 834 (9th Cir. 1986).

5. Smith would not have been able to challenge his previous convictions, as listed in the Information, even if the district court had afforded him the opportunity to do so. *See* 21 U.S.C. § 851(e); *United States v. Housley*, 907 F.2d 920, 921-22 (9th Cir. 1990). The district court's failure to abide by the procedural requirements of 21 U.S.C. § 851(b) was therefore harmless error. *United States v. Severino*, 316 F.3d 939, 947-48 (9th Cir. 2003) (en banc).

6. The district court reasonably relied on the responses to its inquiries regarding whether Smith had an opportunity to read and discuss his presentence report with his attorney, thus satisfying Federal Rule of Criminal Procedure 32(i)(1)(A). *United States v. Soltero*, 510 F.3d 858, 863 (9th Cir. 2007) (per curiam). Alternatively, because the life sentence imposed was mandatory, Smith was not prejudiced by the district court's denial of additional time to review his presentence report, and any non-compliance with Rule 32(i)(1)(A) was harmless. *Id.*

7. Although it may be possible that the sentencing enhancement forced the district court to impose a sentence in conflict with the 18 U.S.C. § 3553(a) factors, Smith concedes that a constitutional challenge to his mandatory life sentences is not supported by our court's precedent. The district court did not unconstitutionally impose the mandatory life sentences.

**AFFIRMED.**

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1)    A.    **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ▶ A material point of fact or law was overlooked in the decision;
  - ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

       B.    **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

> ▸ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
> ▸ The proceeding involves a question of exceptional importance; or
> ▸ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ▶ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ▶ and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Form 10. Bill of Costs .................................................................................................................(Rev. 12-1-09)

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

This form is available as a fillable version at:
http://cdn.ca9.uscourts.gov/datastore/uploads/forms/Form%2010%20-%20Bill%20of%20Costs.pdf.

*Note:* If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[ ] v. [ ]   9th Cir. No. [ ]

The Clerk is requested to tax the following costs against: [ ]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED (Each Column Must Be Completed) | | | | ALLOWED (To Be Completed by the Clerk) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| **Excerpt of Record** | | | $ | $ | | | $ | $ |
| **Opening Brief** | | | $ | $ | | | $ | $ |
| **Answering Brief** | | | $ | $ | | | $ | $ |
| **Reply Brief** | | | $ | $ | | | $ | $ |
| **Other\*\*** | | | $ | $ | | | $ | $ |
| | | | TOTAL: | $ | | | TOTAL: | $ |

\* *Costs per page*: May not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* *Other*: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page*

**Form 10. Bill of Costs** - *Continued*

I, _____ , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature _____

("s/" plus attorney's name if submitted electronically)

Date _____

Name of Counsel: _____

Attorney for: _____

_____

*(To Be Completed by the Clerk)*

Date _____    Costs are taxed in the amount of $ _____

Clerk of Court

By: _____ , Deputy Clerk